**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

SANTIAGO GARCIA DEL SOLAR,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. EDCV 26-5360-AS

**MEMORANDUM DECISION AND ORDER**

**INTRODUCTION**

On September 15, 2026, Santiago Garcia Del Solar (A# 221-462-442) ("Petitioner"), an immigration detainee who is in the custody of United States Immigration and Customs Enforcement ("ICE") at the Desert View Facility in Adelanto, California, and who is represented by counsel, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), claiming that he has been detained without sufficient justification since June 18, 2026, and an immigration judge (or "IJ") violated due process by failing to apply the correct legal standard at his bond hearing on August

27, 2026.[1] (Dkt. No. 1). On September 22, 2026, Respondents filed an Answer to the Petition, contending that Petitioner is lawfully detained after having received a legally adequate bond hearing, and moreover, that Petitioner failed to exhaust administrative remedies to challenge the IJ's denial of bond. (Dkt. No. 8). Petitioner followed with a Reply on September 25, 2026. (Dkt. No. 9).

On October 7, 2026, Petitioner filed a Motion for Leave to File a First Amended Petition ("Motion to Amend") and a proposed First Amended Petition, seeking to add new claims to challenge Petitioner's custody based on the circumstances of his arrest. (Dkt. Nos. 10-11).

For the reasons stated below, the Court grants the Petition, orders Respondents to release Petitioner immediately, and denies as moot Petitioner's Motion to Amend.[2]

## BACKGROUND

Petitioner is a Mexican citizen who entered the United States without inspection in 2020 and has resided here since. (See Petition ¶ 54). He lives with his wife and four children, and he

---

[1] As addressed further below, this is Petitioner's second § 2241 petition in this Court seeking relief regarding his current ICE detention.

[2] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 3-5, 7).

has maintained steady employment. (See id. ¶¶ 56, 58). His brother, Javier, also resides in the United States with his wife and child and operates a gardening business. (Id. ¶ 57). Petitioner has no criminal convictions. (Id. ¶ 59). He has filed an application for asylum, withholding of removal, and protection under the Convention Against Torture, which is pending before the immigration court. (Id. ¶ 60).

On June 18, 2026, Petitioner arrested by ICE and taken into immigration custody pending removal proceedings. (See Petition ¶ 61). At a detention hearing on July 24, 2026, an immigration judge denied bond on the ground that he lacked jurisdiction under the decision of the Board of Appeals ("BIA") in In re Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), which held that noncitizens "who are present in the United States without admission are applicants for admission as defined under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." In re Yajure Hurtado, 29 I & N Dec. at 220; (see Petition ¶ 63).

On August 5, 2026, Petitioner filed a § 2241 habeas petition in this Court claiming that his June 18 arrest and ongoing detention violated due process. See Case No. EDCV 26-4419-SPG (AS), Dkt. No. 1. On August 21, 2026, the Court determined that Petitioner was entitled to a bond hearing under 8 U.S.C. § 1226(a) and therefore granted the petition, in part, and ordered Respondents to provide that hearing within seven days. See id., Dkt. No. 11. On August 28, 2026, Respondents filed a status report reflecting that Petitioner received a bond hearing the previous day, and bond was

denied. Id., Dkt. No. 13. On September 15, 2026, Petitioner filed the current Petition, challenging the August 27 bond decision. On September 25, 2026, he appealed the bond decision to the BIA. (See Reply at 3, 16, Ex. A).

## DISCUSSION

Petitioner has been detained now for nearly four months, since June 18, 2026. As indicated above, his request for release on bond was initially denied on June 24 based on the IJ's reliance on Yajure Hurtado and the government's policy of subjecting noncitizens such as Petitioner to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). The Ninth Circuit subsequently rejected that view and held, in Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026), that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."[3] "[D]etention under § 1226(a) is discretionary, allowing the release of aliens on bond pending their removal proceedings. . . . A § 1226(a) detainee will be released on bond

---

[3] Rodriguez Vazquez was decided six days after the IJ's June 24 denial of Petitioner's bond request. However, even before that, on February 18, 2026, this Court vacated Yajure Hurtado in the class action Maldonado Bautista v. Santacruz, 820 F. Supp. 3d 1016 (C.D. Cal. 2026), based on the Court's determination that noncitizens who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), and are therefore entitled to bond hearings. See also 813 F. Supp. 3d 1084, 1101-06 (C.D. Cal. 2025), judgment entered sub nom. Maldonado Bautista v. Noem, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), appeal filed, 9th Cir. Case Nos. 25-7958, 26-1044.

if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." Id. at 1167 (citations omitted).

Under Rodriguez Vazquez, therefore, Petitioner cannot be denied release on bond simply because he entered the United States without being admitted and has been residing here illegally. With that understanding, this Court previously ordered Respondents to provide Petitioner a bond hearing before an IJ pursuant to § 1226(a) and all applicable regulations. See Case No. EDCV 26-4419-SPG (AS), Dkt. No. 11. The August 27 hearing decision that resulted, however, failed to apply that standard in good faith because the IJ denied bond by relying on improper, generalized reasons without an individualized assessment of facts relevant to whether Petitioner poses a danger or flight risk.[4]

[4] To the extent that Respondents argue the Petition should be denied for lack of exhaustion, that prudential requirement is appropriately waived here because Petitioner would be significantly harmed if forced to wait for appellate review, and no appellate record or agency expertise is needed to review the issues presented here – which partly concern whether Petitioner actually received the process that this Court ordered. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (courts have discretion to waive prudential exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." (internal quotations and citations omitted)). Additionally, although this Court cannot reweigh the evidence or second-guess the IJ's findings of fact and discretionary determinations regarding detention or bond, see 8 U.S.C. § 1226(e), it is authorized to review the IJ's decision under an "abuse of discretion" standard to assess whether the IJ "applied the correct legal standard." Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024); see also Villa v. Mullin, 834 F. Supp. 3d 957, 963 (C.D. Cal. 2026) ("[T]he Court finds that the

The IJ denied release on August 27 upon finding that Petitioner had "failed to meet his burden to demonstrate that he is not a flight risk." (Answer Ex. A at 1). The IJ's written order provides the following explanation for this:

> [Petitioner] has demonstrated in the past an inability or refusal to follow the laws of the United States. This is demonstrated by his illegal entry without inspection in 2020. It is also demonstrated by the fact he has worked without authorization since entering the United States. It is also demonstrated by the fact that he has not filed taxes since entering the United States despite working. This inability or refusal to follow the laws of the United States is a substantial flight risk because it inferentially demonstrates he is more unlikely to comply with alternative to detention conditions and court orders, including an order of removal. [See In re A-L-S, 29 I & N Dec. 794 (BIA 2026)]. While [Petitioner] did cooperate with ICE when caught, that fact alone does not negate the past inability and refusal to follow the laws.
>
> [Petitioner] also has speculative relief. His I-589, which is the only form of relief filed to date, is

foregoing findings regarding the reliance upon improper reasons for denying bond by the IJ does fall within the limited setting in which a federal district court may review constitutional challenges to an IJ's detention determination under Martinez, 124 F.4th at 781-84.").

based upon gang recruitment and violence, which generally is an insufficient basis of persecution. His claim for asylum is also likely barred by the failure to file within one year. This speculative relief is yet another flight risk factor. [See A-L-S, 29 I & N Dec. 794]. It is even more pronounced because his family ties to the United States consist of his wife, who has no status, and his four children, with only one having status.

Finally, [Petitioner's] proposed sponsor, his brother Javier, is not reliable nor credible given the lack of financial stability. This is yet another flight risk factor. [See In re Dobrotvorskii, 29 I & N Dec. 211 (BIA 2025)]. No tax filings were produced for the sponsor. There are bank statements but those statements reflect Javier generally spends more per month than he earns. Javier runs a gardening business and appears to employ the Respondent on occasion, despite the fact that [Petitioner] has no work authorization. Thus, Javier is also violating United States laws. [Petitioner] also testified that Javier's rent is $2,500 per month and [Petitioner's] rent is $4,000. Javier also has a wife and child to support. Given the apparent negative balance month over month, it is unclear to the Court how Javier would finance a bond and/or the living expenses of [Petitioner]. Therefore, even if the Court were inclined to grant a financial bond, which it is not, it

could not do so as Javier has no apparent ability to pay the bond.

(Answer Ex. A at 1-2).

In sum, the IJ offered three overall reasons for finding Petitioner a flight risk: (1) his violation of immigration laws due to his illegal entry and working without authorization; (2) his "speculative" claim for relief from removal; and (3) his proposed sponsor's apparent lack of financial stability. However, these reasons fail to provide appropriate grounds for finding flight risk on this record.

First, the IJ's reliance on the mere fact of Petitioner's illegal entry is clearly inappropriate, as it would result in mandatory detention for essentially all noncitizens covered by the Ninth Circuit's holding in Rodriguez Vazquez and thus would effectively undermine that decision and § 1226(a)'s provisions for discretionary detention. See also Lemus Crispin v. Bondi, 832 F. Supp. 3d 534, 544 (E.D. Va. 2026) ("[A] noncitizen's unlawful status cannot provide a legitimate consideration upon which an Immigration Judge may deny a request for release on bond under § 1226(a) given that every individual who appears before an Immigration Judge for custody redetermination lacks lawful status. To consider this fact violates both § 1226(a)'s requirement of an individualized hearing and fundamental due process principles."); Santiago Morales v. Mullin, 2026 WL 2678274, at *6 (C.D. Cal. Sept. 11, 2026) ("A decades-old history of simply entering the United

States without permission, or trying to, has been held to be 'legally insufficient to establish a current flight risk that is unmanageable by release on bond.'"); Tiboko-Tifuh v. Noem, 2026 WL 1603795, at *2 (S.D. Cal. June 4, 2026) (noncitizen's illegal entry "does not meaningfully distinguish her as unreliable or likely to evade law enforcement" and is insufficient "to support a reasonable inference of Petitioner's tendency toward future nonappearance" absent other, individualized evidence of past noncompliance). The IJ's reliance on Petitioner's unauthorized employment suffers from basically the same defect, as "unauthorized employment is inextricably related to the unlawful status that has caused his detention and request for a bond hearing in the first place." Gonzalez Reyes v. Rios, 2026 WL 2190830, at *5 (C.D. Cal. July 28, 2026) (citation omitted). "If an Immigration Judge could consider a noncitizen's unauthorized employment — which typically accompanies a noncitizen's unlawful status — 'discretionary detention under § 1226(a) . . . would become a de facto mandatory § 1225 detention.'" Lemus Crispin, 832 F. Supp. 3d at 545 (citation omitted). "For similar reasons, courts have found that an IJ abused its discretion in finding a noncitizen a flight risk based on their failure to file tax returns." Pedro v. Mullin, 2026 WL 2677303, at *7 (C.D. Cal. Sept. 11, 2026) (citing Perez Velasquez v. Bondi, 2026 WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026)). "Moreover, no reasonable inference of flight risk can be drawn from a steady history of employment, authorized or not. Rather, steady employment often reflects economic and residential stability and ties to the community in which the noncitizen is employed." Lemus Crispin, 832 F. Supp. 3d at 545 (citation omitted); see also Villa v. Mullin,

834 F. Supp. 3d 957, 962 (C.D. Cal. 2026) (citing Lemus Crispin and concluding same); Gonzalez Reyes v. Rios, 2026 WL 2190830, at *5 (C.D. Cal. July 28, 2026) (same).

Second, the IJ's reliance on Petitioner's "speculative" claim for relief for removal is itself speculative, as the claim apparently has not yet been reviewed or decided. Moreover, the IJ failed to explain why this factor suggests, in the context of this case, that Petitioner would be particularly unlikely to appear for future proceedings. Indeed, rather than do so, the IJ inexplicably asserted that this factor was "even more pronounced" because Petitioner's wife and three of his four children have no legal status – without ever addressing the extent to which these close family ties might make Petitioner less likely to abscond, given that his wife and four children depend on him. See, e.g., Gonzalez Reyes v. Rios, 2026 WL 2190830, at *5 (C.D. Cal. July 28, 2026) ("Although an immigration judge may consider the likelihood of receiving relief based on specific facts presented in a particular case, the judge here did not explain how the relative strengths or weaknesses of Petitioner's claims for relief outweighed the specific circumstances presented in this case. . . . [T]he immigration judge provided no rationale as to why Petitioner would . . . be more likely to flee rather than appear in immigration court to pursue his claims for relief from removal proceedings."); N.A. v. Warden, Adelanto Det. Facility, 2026 WL 1045196, at *9 (C.D. Cal. Apr. 15, 2026) (IJ "cannot simply presume that unresolved claims are 'speculative' and indicative of flight

risk" without a showing that this would "make the noncitizen unlikely to appear at future court proceedings").

Third, to the extent that the IJ relied on his finding that Petitioner's proposed sponsor, his brother, seemed financial unable to finance a bond for Petitioner, "a noncitizen's potential difficulty paying a bond is not a reason to deny their release as a flight risk. At most, it might require the IJ to consider the noncitizen's financial circumstances to determine 'the amount of the bond to be set and to consider whether the person may be released on alternative conditions of supervision.'" N.A., 2026 WL 1045196, at *9 (quoting Hernandez v. Sessions, 872 F.3d 976, 987 (9th Cir. 2017)). Furthermore, it is nonsensical for the IJ to treat Petitioner's brother solely as a negative factor on this basis, without even noting whether his brother's presence might in other respects weigh in Petitioner's favor.

Accordingly, the IJ failed overall to provide an individualized assessment of Petitioner in determining whether he poses a danger or flight risk or merits release under § 1226(a) and applicable regulations. By instead relying mainly on general factors common to the class at issue in Rodriguez Vazquez – and common to most if not all noncitizens with pending removal proceedings – it effectively condemns all such noncitizens to mandatory detention, undermining the intent of the Ninth Circuit's ruling and the statute itself. See also Fletes-Velasquez v. Hernandez, 2026 WL 1871890, at *4 (W.D. Wash. June 30, 2026) ("A minimal hope of a favorable result in removal proceedings, an

inability to legally work, and a reluctance to file income tax returns are present for most immigration litigants without lawful status and, were they a sufficient basis for continuing to detain noncitizens who are seeking relief from removal, then almost no one would be entitled to release. The statute enacted by Congress, however, envisions conditional release on bond even for those who cannot work and/or are unlikely to obtain a favorable decision in removal proceedings or on appeal, and the role of both the immigration judge and this Court is to enforce the law." (citations omitted)). As set forth above, Petitioner has lived for six years in the United States during which he has maintained steady employment and supported his wife and four children, and he has a brother who lives here, as well, with a wife and child. (See Petition ¶¶ 56-58). Petitioner has no criminal convictions, no apparent record of immigration violations aside from his illegal entry and working without authorization, and no record of attempting to evade arrest or of failing to appear for immigration appointments or proceedings. (See id. ¶ 59).

"Under the circumstances, the Court finds no basis for Petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is the appropriate remedy." Soriano v. Hernandez, 830 F. Supp. 3d 1071, 1081 (W.D. Wash. 2026); see also Gonzalez Reyes v. Rios, 2026 WL 2190830, at *7 (C.D. Cal. July 28, 2026) (ordering immediate release with reasonable conditions of supervision where the court previously ordered that petitioner be provided a bond hearing, and the IJ then abused his discretion in finding flight risk, and the court on

review found there was no basis for the petitioner's continued detention); Fletes-Velasquez v. Hernandez, 2026 WL 1871890, at *4 (W.D. Wash. June 30, 2026) (similarly ordering immediate release where IJ abused discretion in finding petitioner a flight risk, and the court found no evidence of flight risk and no lawful basis for continued detention); Vasquez Lopez v. Hernandez, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. 2026) (similarly ordering immediate release where continued custody did not serve an immigration purpose after IJ abused discretion in finding that petitioner posed a flight risk and danger to the community).

**ORDER**

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner from immigration custody immediately, subject only to reasonable, noncustodial conditions of release that are no more restrictive than needed to ensure his appearance as required. Respondents also shall file a "Notice of Release" within three days of the date of this Order. In light of this ruling, Petitioner's Motion to Amend (Dkt. No. 10) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 8, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE